**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY FAIRBURN<br><br>Plaintiff,<br><br>v.<br><br>SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.: |

**COMPLAINT AND JURY DEMAND**

## I. INTRODUCTION

Plaintiff claims of Defendant a sum in excess of $150,000.00 in damages upon a cause of action whereof the following is a statement:

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to Plaintiff by the laws of the United States of America.

2. This action arises under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), and the Americans with Disabilities Act Amendments Act ("ADAAA") of 2008, and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination with respect to his compensation, terms, conditions and privileges of employment, based on his disability, and the Defendant's failure to provide him with reasonable accommodations.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, and Title 42 U.S.C. §12101, et seq., as amended, which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5. All conditions precedent to the institution of this suit have been fulfilled. A Notice of Right to Sue was issued by the U.S. Equal Employment Opportunity Commission on August 21, 2023, and this action has been commenced by Plaintiff within ninety (90) days of receipt of said notice. Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## III. PARTIES

6. Plaintiff, Anthony Fairburn, is an individual and citizen of the Commonwealth of Pennsylvania who resides therein at 11025 Knights Road, Philadelphia, Pennsylvania.

7. Defendant, Southeastern Pennsylvania Transportation Authority, was and is now a municipal transportation corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business located at 1234 Market Street, Philadelphia, Pennsylvania.

8. At all times relevant hereto, Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, Defendant has been a "person" and "employer" as defined under the ADA and the ADAAA, and is subject to the provisions of each Act.

## IV. STATEMENT OF CLAIM

10. Plaintiff has been employed by Defendant as regional rail Locomotive Engineer since May, 2002.

11. Plaintiff has at all times performed his job functions in a dutiful and competent manner.

12. Plaintiff suffers from Claustrophobia, and is therefore disabled within the meaning of the ADA and ADAAA, in that he is substantially limited in a major life activity, is regarded as disabled by Defendant and/or has a record of impairment.

13. On or about February 14, 2023, Plaintiff submitted an ADA Request for Accommodation Intake form pursuant to Defendant's ADA Reasonable Accommodation Policy.

14. In connection thereto, Plaintiff requested that while operating a Silverliner V, he be permitted to run the train he was assigned to with the cab door open.

15. It was not until April 21, 2023, that Lonnie Allbaugh ("Allbaugh"), ADA Manager for Defendant, finally responded to Plaintiff's request and denied the same on

the grounds of operational and safety concerns. No further explanation was provided by Allbaugh.

16. Plaintiff challenged this decision and, through his Union representative, provided several examples where employees were permitted to run the Silverliner V train with the cab door open, including during training and when air conditioning issues arose. Plaintiff also provided information on other employees riding with the cab door open with the consent of their managers and no apparent reason to do so.

17. Plaintiff's union representative indicated to Allbaugh that his explanation was baseless and contrary to his assertion that a legitimate safety concern existed.

18. Upon the denial of his Accommodation in April, 2023, Plaintiff requested as an alternate accommodation that he be assigned to operate only to Silverliner IV trains. These trains would provide Plaintiff with a larger cab space within which Plaintiff would have to work, as well as better ingress and egress.

19. Assigning Plaintiff to work on the Silverliner IV train would pose no operational or safety concerns for Defendant.

20. To date, Defendant has not provided any response to Plaintiff's alternate request for accommodation for his disability.

21. Defendant has failed to comply with the ADA, as well as its policy regarding reasonable accommodations, which states in pertinent part:

*1. Interactive Dialogue*

*This determination often will necessitate an interactive dialogue between SEPTA and the individual employee. The dialogue will encompass what, if any, Reasonable Accommodation might be made to enable the individual to perform the full scope of his/her essential job functions. The dialogue will include the individual and appropriate SEPTA representatives, as well as relevant medical or other professionals to the extent necessary and informative. To qualify for a*

*Reasonable Accommodation, the employee is obligated, as part of this interactive process, to participate, cooperate and provide requested information.*

22. Contrary to their policy, Defendant has repeatedly stalled Plaintiff's repeated requests to continue in the interactive process in order to accommodate his disability.

23. To Plaintiff's knowledge and belief, at least two other employees have had their scheduled equipment changed without even having to go through Defendant's accommodation process. These two employees were John Chartier and Pat Riley.

24. Further, unlike other employees who have been allowed to adapt to their duties to suit their personal needs, Plaintiff, who has utilized Defendant's reasonable accommodation process resulting in a systematic denial of his accommodation requests.

25. Assigning Plaintiff's to work on a Silverline IV train would in no way adversely impact Defendant's operations or pose any undue hardship.

26. Plaintiff believes that he has been discriminated against on the basis of his disability in that Defendant has failed to engage him in the interactive process and has systematically declined to reasonably accommodate his disability as requested.

27. The actions of Defendant through its agents, servants and employees, in failing to accommodate the Plaintiff's disability, constitute a violation of the ADA and the ADAAA.

28. As a direct result of Defendant's willful and unlawful actions in violation of the ADA and the ADAAA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, and loss of self-esteem.

## PRAYER FOR RELIEF

29. Plaintiff repeats the allegations of paragraph 1 through 28 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendant and order that:

(a) Defendant accommodate Plaintiff by assigning him to work on Silverliner IV trains, or otherwise engage him in the interactive process to provide a reasonable accommodation for his disability;

(b) Defendant pay to Plaintiff compensatory damages for pain, suffering, inconvenience, mental anguish as allowable;

(c) Defendant pay to Plaintiff punitive damages, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d) The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

**LOVITZ LAW FIRM, P.C.**

By:____________________________
KEVIN I. LOVITZ, ESQUIRE
ID # 70184
1650 Market Street, 36th Floor
Philadelphia, PA 19103
(215) 735-1996 Phone
(215) 735-1515 Fax
Email: Kevin@Lovitzlaw.com
*Attorney for Plaintiff, Anthony Fairburn*